A. W. D. Weis, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 11917.   Promulgated October 30, 1928.

*Hugh Satterlee, Esq.,* for the petitioner.

*LeRoy L. Hight, Esq.,* and *J. M. Morawski, Esq.,* for the respondent.

OPINION.

LANSDON: The issues in this case all relate to the deduction of losses from income. It is not disputed that deductible losses were sustained by the petitioner in the amounts claimed. The questions to be decided are whether he is entitled to take such deductions in the taxable years. The petitioner filed his income-tax returns and kept his books of account on a basis of actual cash receipts and disbursements. In consequence, the respondent contends that the losses are only deductible within the years when paid in cash out of the capital of the petitioner. The petitioner contends that the losses, as distinguished from expenses, are deductible from income in the years in which they " occurred," that is, when the attendant facts and circumstances determined that there could be no recovery of the capital which had been invested. In this case the capital invested was in part borrowed, and was not repaid within the taxable years. The parties differ as to the significance to be attached to this fact.

The first issue is governed by the Revenue Act of 1918; the second and third issues by the Revenue Act of 1921. The provisions of the Acts pertinent to the issues are the same. Section 212(b) of both Acts provides as follows:

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income * * *.

Section 214 of both Acts provides as follows:

(a) That in computing net income there shall be allowed as deductions:

\*  \*  \*  \*  \*  \*  \*

(4) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in trade or business;

(5) Losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business  \*  \*  \*.

In other paragraphs of section 214 of the statutes provision is made for the deduction of expenses, interest, and taxes, and it is specified that they shall have been paid or incurred during the taxable year—this is to be construed, under section 200, according to the method of accounting of the taxpayer.

It will be noted that the statutes provide that the losses shall have been sustained during the taxable year. In the absence of statutory definition of the word "sustained" we are of the opinion that the time when a loss was sustained for income-tax purposes by a tax-payer on the cash basis is a question to be decided in every case from the facts. We are unable to agree with the respondent that no loss is ever sustained until paid in cash where the cash-basis taxpayer is the user of borrowed capital. So broad a rule is contrary to the liberal provisions of the statutes in the matter of the method of determining income and is impracticable of general administration. It is obviously impossible to earmark the capital employed in every transaction which results in loss.

Taxation of income by the Federal Government is based on an annual period. *Atkins Lumber Co.*, 1 B. T. A. 317. If the principle for which the respondent herein contends is accepted, taxpayers may determine for themselves the years and the income to which deductions on account of losses are applicable. In each of the years here involved the record is clear that the petitioner had large resources, enjoyed ample credit, and was solvent. If his business situation at the end of 1919 had indicated a loss for that year the deduction here sought would have been worthless to him, since there would have been no income against which it could have been charged nor any tax liability to be reduced. If he had reason to anticipate large profits and substantial taxable income in the following year it would have been to his advantage to defer his claim for a deductible loss. To do so, if the theory of the respondent is sound, it was only necessary to borrow money and arrange for the payment of the notes in the next year. It is hardly reasonable to impute to Congress an intent to permit taxpayers to elect, for their own benefit, the years in which business losses should be deducted from income.

To support his contention as to the loss sustained in 1919 in the circumstances set forth in the findings of fact, *supra*, the respondent

relies on our decision in *S. R. Davis*, 9 B. T. A. 755. In that case it appears that when the petitioner gave the notes in controversy, he received in exchange the notes of the corporation due him on account of funds advanced. At that time the corporation was in the hands of trustees in bankruptcy and it was not known that its assets were insufficient to pay any part of the claims of its creditors. The transaction giving rise to the loss claimed and represented by the petitioner's notes had not been finally closed. In the instant case no such situation existed and therefore we are of the opinion that the *Davis* case establishes no rule upon which the issue here can be decided.

We are of the opinion that all the losses here in question were sustained in the years in which the several investments became worthless. In such respective years each of the deals became a closed transaction and the petitioner's net assets were reduced in the amount of the loss sustained. It is not material whether such losses were met by the payment of cash from funds in hand or with cash borrowed from the bank and evidenced by notes payable in a subsequent year. The loss had been sustained and the transaction had been closed by a cash payment. The use of the petitioner's credit to secure funds from the bank was a new and different deal and had no more to do with the petitioner's tax liability than any other borrowing that he did in the taxable year. Cf. *Bob H. McGinnis*, 4 B. T. A. 209.

If the deductions herein claimed are allowed for the respective taxable years in which the losses occurred, correct income and true tax liability for such years may be determined. If postponed, manifestly income of the years to which they are eventually applied and to which they have no proper application will be distorted.

Reviewed by the Board.

> *Decision will be entered for the petitioner, under Rule 50.*