E. GORDON PERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

VANDELIA K. PERRY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 46446, 46447. Promulgated June 22, 1933.

*Geo. S. Atkinson, Esq.*, for the petitioners.
*F. B. Schlosser, Esq.*, and *R. B. Cannon, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has asserted deficiencies against the petitioners for 1926 in the respective amounts of $833.68 and $860.93. There are two questions presented for determination: (1) Where a corporate dividend is declared on December 31, 1925, and credited on that date to the petitioners' account on the books of the corporation, does it constitute income for 1925, or should it be included as income in 1926 when it is withdrawn? and (2) Are the petitioners entitled to a deduction in 1926 for amounts paid to a corporation in that year to reimburse it for interest paid in 1924 and 1925 on indebtedness incurred to build a home for them under an agreement that it would be reimbursed for all expenditures in connection with the property? The material facts are stipulated.

The petitioners, who are husband and wife, reside in Dallas, Texas. All of their income for 1924, 1925, and 1926 was community income. In the taxable year they owned more than 80 percent of the capital stock of the Perry Motor Co., a Texas corporation, of which E. Gordon Perry was president. On December 31, 1925, the directors of the Perry Motor Co. declared a dividend of all profits and surplus and on that date credited the running account of E. Gordon Perry with a dividend amounting to $75,336.15, debiting its surplus account for the total amount of the dividend declared. At the time the credit was entered, Perry's account had a debit balance of $55,633.05, which was thereby changed to a credit balance of $19,703.10. On the petitioner's books the amount of the dividend was credited as income on December 31, 1925, and was reported by them as community income on their separate income tax returns for 1925. The respondent has determined that to the extent of $55,633.05 the dividend constitutes income for 1925, but that the balance of $19,703.10 is income for 1926, when it was actually withdrawn. The Perry Motor Co. was dissolved on February 25, 1926, and its assets distributed.

Throughout the period from 1923 to 1926 the petitioners owned 95 percent of the capital stock of the Perry Heights Realty Co., hereinafter referred to as the Realty Co., of which E. Gordon Perry was president and manager. Prior to December 31, 1923, the Realty Co. was constructing a house on Block D of Perry Heights, an addition to the city of Dallas, in compliance with a contract, the terms of which are stated in the following minutes of the board of directors of the Perry Heights Realty Co.:

Mr. Perry announced that the home which was being constructed on Block D, which had been reserved for his home, was nearing completion. He pointed out

that it seemed best that this property be held for the time being so that it would be subject to execution rather than be converted into a homestead and that he wished to confirm in this meeting the agreement to purchase this ground at the schedule cost price of ground and improvements, plus the cost of all buildings placed thereon, and that when it seemed advisable to transfer this property to a homestead he would reimburse the corporation for all interest and taxes they might pay for, and cost of carrying this property in the meantime.

It was moved and seconded that in view of Mr. Perry's statements and agreement, to thereby recognize the purchase of the property and to obligate himself to reimburse the corporation for any and all interest and taxes paid because of carrying the property in trust as an expediency, that the corporation would hold title to and would carry the property as an asset until such time as Mr. Perry was ready and felt it wise to take the title.

The petitioners took possession of the property in 1924 and immediately expended substantial amounts for furniture. On December 31, 1926, legal title was transferred to them and E. Gordon Perry's running account on the Realty Co.'s books was charged with the amounts expended on the property, which included interest paid in 1924, 1925, and 1926 on a loan secured by the residence in the amounts of $3,735, $4,244.97, and $3,999.96, respectively. At that date there was a sufficient credit in Perry's account on the books of the Realty Co. to cover the total amount of interest paid, which they deducted on their separate individual income tax returns for 1926. Upon audit the respondent disallowed the deduction to the extent of the 1924 and 1925 interest payments, but allowed a deduction of $3,999.96 as interest paid in 1926. For the years 1923 to 1926, inclusive, the petitioners kept their books and rendered their income tax returns on the cash receipts and disbursements basis.

The dividend declared on December 31, 1925, was credited as of that date to the account of E. Gordon Perry on the books of the corporation, which converted a debit balance of $55,633.05 into a credit balance of $19,703.10. The total dividend of $75,336.15 was entered as income on Perry's books and was returned as income on the petitioners' separate income tax returns. In such circumstances we think the total amount of the dividend was properly returned as income for 1925. The petitioners considered the credit balance in Perry's account on the books of the corporation as having been constructively received when credited, and in our opinion the facts show that it was unqualifiedly subject to his demand on December 31, 1925. *Commissioner* v. *Bingham*, 35 Fed. (2d) 503; *Farley Hopkins*, 27 B.T.A. 845; *Mary Miller Braxton*, 22 B.T.A. 128. Cf. *William Parris*, 20 B.T.A. 320.

The petitioners contend that an amount of $11,979.93 charged to E. Gordon Perry's account on the books of the Realty Co. in 1926, representing interest paid by it in 1924, 1925, and 1926 on a loan secured by the petitioners' home, is deductible from their 1926 income

as interest paid. The respondent has allowed a deduction for the 1926 interest, but contends that the amount charged in 1926 for interest paid by the Realty Co. in 1924 and 1925 is either an additional cost of the property to the petitioners or is the repayment of a loan.

The facts are not at all clear as to ownership of the property prior to December 31, 1926, or as to whether the loan was an obligation of the Realty Co. or of the petitioners. Even assuming, however, that the petitioners were the equitable owners of the property during 1924 and 1925 and that they were obligated on the loan, it does not follow that they are entitled to the deduction claimed. When the Realty Co. advanced money to discharge petitioners' interest obligations, it in effect loaned the petitioner funds with which to make payment and the deduction should be taken in the year of payment. Deductions are not permitted on the repayment of loans. *Edwin R. Crawford*, 11 B.T.A. 1299, 1302. In the circumstances we must approve the respondent's determination as to this issue.

Reviewed by the Board.

*Decision will be entered under Rule 50.*