OPINION. Smith, Judge: The first question presented is the right of the petitioner to deduct from his gross income of 1941 $13,492.70 paid in 1941 on the principal of the note for $100,839.17 given by him on August 1,1935. Petitioner claims the right to this deduction upon the ground that his return for 1941, as well as for all prior years, was made on the cash receipts and disbursements basis and that, since he had never had any benefit of the deduction of any part of the $13,492.70 in years prior to 1941, the loss is a legal deduction from gross income of the taxable year. The position of the respondent is that the petitioner was a part owner of the 60,000 shares of Rustless stock purchased by the syndicate in 1929 at a cost of $236,752.50; that the petitioner correctly claimed on his return for 1930 his pro rata share of the loss sustained by the syndicate from the sale by the bank of 21,849 shares of Rustless stock on July 14, 1930, namely, $13,667.41; that the respondent correctly determined that the petitioner in 1935 sustained one-third of the syndicate’s loss from the sale in that year of the balance of the Rust-less stock held by the bank as collateral on the syndicate’s original note; and that the petitioner is not entitled to deduct any part of the $13,492.70 paid by him in 1941 on the principal of his note; that such payment, was simply a liquidation of a liability of the petitioner, which did not result in a deductible loss. The evidence shows that the petitioner and his two associates, Frank and Foster, borrowed $236,752.50 from the Bank of Pittsburgh, N. A., in 1929 upon collateral consisting in part of the 60,000 shares of Rust-less stock owned by the syndicate; that additional collateral was provided by Frank and Foster. The 60,000 shares of Rustless stock was owned by the syndicate. It is immaterial that the shares were in street names. The bank held the collateral merely as security upon the joint note of the three members of the syndicate. It did not have the ownership of those shares except as security upon the loan. If the note had been paid by the makers the collateral would have been returned to the depositors, regardless of its value at the time. We are of"the opinion that the respondent is correct in his contention that the petitioner sustained deductible losses of one-third of the net losses sustained by the syndicate on the sales of shares of Rust-less stock by the bank in 1930 and 1935. The petitioner was as much an owner of one-third of those shares as either of the other members of the syndicate. The facts in this case are much the same as those which obtained in J. J. Larkin, 46 B. T. A. 213. In that case the taxpayer and others had executed a joint note to a bank for the purpose of acquiring stock then pledged by other borrowers as security for their loan. The amount of the loan to the taxpayer and his associates was applied in cancellation and satisfaction of the note of the parties from whom the stock was being purchased, and the stock was retained by the bank as collateral for the new loan. Subsequently the original note of the taxpayer and his associates was canceled and separate notes were executed by each, secured by an aliquot part of the collateral then held by the bank, the taxpayer having also deposited other collateral and his note being also secured by a general guaranty of his associates. In 1934 the collateral deposited by the taxpayer was sold for a nominal sum and prior to 1935 it became worthless. In 1936 the taxpayer paid approximately $11,000 upon his indebtedness to the bank, but was reimbursed by a business associate for one-half of the amount. The taxpayer claimed a deduction of the $5,500 from his gross income for 1936. We held that the loss was sustained in a year prior to 1936, following A. W. D. Weis, 13 B. T. A. 1284. Our opinion in that case is dispositive of the present issue. We hold that the petitioner is not entitled to deduct from his gross income of 1941 any part of the loss sustained by him upon the sale of the syndicate’s collateral in 1930 and in 1935. It is also to be noted that in the principal of the note were included, in addition to the petitioner’s one-third loss on the sales of Rustless stock by the bank in 1930 and 1935, certain other amounts which had been used by the bank out of sales of collateral belonging to his associates for the purpose of liquidating petitioner’s liability on other notes. To the extent of such amounts included in the principal of the note, there is no ground for contending that they resulted from losses sustained upon the sales of the 60,000 shares of Rustless stock. The petitioner makes the further contention that, if he is not entitled to deduct the full amount of the $13,492.70 here in question, he is entitled to deduct from his gross income of 1941 a pro rata share of the $19,539.51 interest included in the principal amount of $100,839.17. This contention is based upon the claim that under the statute a person making his returns on the cash receipts and disbursements basis is entitled to deduct interest when paid and that the giving of the note by the petitioner on August 1,1935, in the principal amount of $100,839.17 was not a payment of the $19,539.51 of interest owed by the petitioner at that time. It has many times been held that a taxpayer making his returns on the cash basis is not entitled to deduct interest represented by the giving of a promissory note. See George S. Silzer, 39 B. T. A. 841, and cases cited therein. We are of the opinion that this contention of the petitioner is well founded. When the petitioner made his payment of $13,492.70 in 1941 he was in part paying interest that was included in the face amount of the note given by the petitioner on August 1, 1935. The aliquot part of the $19,539.51 included in the $13,492.70 payment made in 1941 is $2,614.47. We are of the opinion that the petitioner is entitled to the deduction of this amount of interest paid in 1941. The record indicates that in 1935 the petitioner deducted from gross income an amount of interest paid by the giving of the promissory note. The petitioner was not entitled to any such deduction. Error in the 1935 return should be corrected in accordance with section 3801 of the Internal Revenue Code. The second question presented is the right of the petitioner to deduct from his gross income of 1941 $2,534.85 paid upon the principal of his note given December 31, 1930, in the total amount of $14,034.85. The payment made in 1941 was the balance due on that note. The facts with regard to this transaction are substantially different from those relating to the syndicate transaction. Under the agreement which the petitioner made with Foster he was to bear one-half of any loss which might be sustained by Foster upon the sale of 5,000 shares of Rustless stock. Those 5,000 shares belonged to Foster. The petitioner had no deductible loss when those shares were sold at a large loss; this for the reason that he had no ownership of them. His out-of-pocket loss was when he made his settlement with Foster. The deduction of a loss by the petitioner had to be deferred until the payment was made. A payment of the balance of the note of $2,534.85 was when the loss was sustained by the petitioner. This follows from our holding in E. L. Connelly, 46 B. T. A. 222. The facts in that case were that a business associate of the taxpayer acquired bank stocks, borrowing the money and pledging stocks as collateral. Thereafter an agreement was made under which the two were to share equally the profits or losses resulting. The collateral was sold in 1934 and became worthless prior to January 1,1935. The taxpayer’s associate in 1936 paid the bank approximately $11,000 and the taxpayer paid him one-half of that amount. We held that under the stipulated facts the taxpayer’s loss was sustained when his obligation was performed and his payment was made, citing Eckert v. Burnet, 283 U. S. 140. We further pointed out in our opinion in that case that the parties were not joint adventurers since they had not contributed either money or property in carrying out an adventure for their common benefit. The same is true with respect to the present proceeding. We therefore hold that, the respondent erred in his disallowance of the deduction from gross income of the $2,534.85 in question. Decision will he entered under Rule 50.