**478**

Lloyd H. **DALLMAN** and Fern T.
Dallman, Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

No. 38791.

United States District Court
N. D. California, S. D.

Feb. 10, 1961.

David Livingston, James R. Mansfield,
Peter F. Sloss, San Francisco, Cal., for
plaintiffs.

Laurence E. Dayton, U. S. Atty., Richard L. Carico, Asst. U. S. Atty., San
Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff taxpayers sue to recover $2,-316.46 in taxes alleged to have been erroneously collected, claiming that an attorney's fee of $20,000 paid in 1954 was
properly deductible as an expense necessary for the conservation of income-producing property.

In 1951, Fern Dallman filed suit for
divorce against Lloyd Dallman in the
Superior Court of Sacramento County,
California, alleging acts of extreme cruelty and asking for an award of all the
community property—including a proprietary interest in Dallman Company.
Lloyd Dallman, in his answer, denied
his wife's allegations and cross-complained for divorce, also alleging extreme
cruelty and claiming that the interest in
Dallman Company was his separate property. He too asked for all the community
property. Before the case came to trial
in 1954, a series of supplements to the
original complaints added charges and
counter-charges of adultery and alleged
additional acts of cruelty.

Dallman Company was a corporation,
the stock of which was owned entirely
by Dallman Supply Company, a partnership composed of members of the Dallman
family. In 1954, Lloyd Dallman owned
a 22% interest in Dallman Supply Company. This interest was subsequently
valued at almost $700,000 by the Superior
Court, by far the most significant item
in community property totaling $800,000.

Trial of the divorce action required
at least 26 days. Evidence was introduced by both parties on the charges and
cross-charges of cruelty and adultery, as
well as on the issue of separate versus
community property. For services rendered to Lloyd Dallman up to and through
the trial, taxpayer's attorney received

$20,000, which amount is now claimed as a deduction.

■ Generally, legal fees paid by a husband in resisting his wife's monetary demands incident to a divorce are not deductible. Howard v. Commissioner, 9 Cir., 1953, 202 F.2d 28; Smith's Estate v. Commissioner, 3 Cir., 1953, 208 F.2d 349; Harris v. United States, 9 Cir., 1960, 275 F.2d 238. The rationale is clear: legal expenses are not deductible merely because they are paid for services which relieve a taxpayer of liability. Lykes v. United States, 1952, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791. However, a deduction for legal fees has been allowed in divorce cases when the controversy between the spouses goes not to the question of liability but to the manner in which it might be met and, at the same time, the wife demands a part of the husband's income-producing property, control over which affects the husband's general income-earning capacity. Tressler v. Commissioner, 9 Cir., 1955, 228 F.2d 356; Baer v. Commissioner, 8 Cir., 1952, 196 F.2d 646; McMurtry v. United States, 1955, 132 F.Supp. 114, 132 Ct. Cl. 418.

The exception carved out by the authorities is explicit: a deduction may be taken only when the controversy goes not to the question of liability but to the manner in which it might be met. It is reasonable to believe that a consideration in Lloyd Dallman's decision to contest the divorce was concern over the effect that an award to his wife of a substantial portion of the couple's community property would have on the success or failure of Dallman Company and his own future in the business. But there is nothing in the record to indicate that any significant share of his attorney's services prior to or during the trial were devoted to working out a manner of settlement by which Lloyd Dallman could retain control over the proprietary interest in Dallman Company in the event that his wife succeeded in establishing her claims to the property. Indeed, there is nothing to suggest that a controversy in this regard even existed prior to judg-

ment. And there is convincing evidence that the questions pertaining to liability —in this case fault and characterization of property—were substantially in issue; the divorce contest certainly was not merely a matter of form. Hence, the requirement has not been satisfied.

To show the necessary connection between the proprietary interest in Dallman Company and his general income-earning capacity, taxpayer claims that ownership of a share in the partnership was essential in order that he be retained in his salaried position as branch manager. Vernon Dallman, taxpayer's brother and president of Dallman Company, testified that company policy required that branch managers have proprietary interests. But on cross-examination, he admitted that the company employed a branch manager who had no proprietary interest. In view of the immediate family relationship between taxpayer and the other owners of Dallman Company, it is difficult to believe that he would fall victim to a company policy which had not been applied to a stranger. The majority of cases granting the deduction have found a relationship between property and general income-earning capacity of greater substance than exists here. Baer v. Commissioner, supra; Bowers v. Commissioner, 6 Cir., 1957, 243 F.2d 904; Patrick v. United States, D.C.W.D. South Carolina 1960, 186 F.Supp. 48.

■ Perhaps, as taxpayer suggests, there has been "innovation" in some cases of this type. If so, it has been limited to easing somewhat the rather nebulous requirement that the threatened property have a special significance making it essential to taxpayer's livelihood. Owens v. Commissioner, 5 Cir., 1959, 273 F.2d 251; McMurtry v. United States, supra. But the necessity that manner of settlement rather than liability be the matter in controversy has not been relaxed in the cases cited or elsewhere; it has consistently been held to be an essential condition for taking a deduction. The court has already concluded that it is not present here.

Taxpayer has failed to carry the burden of proof. It is the conclusion of the court that judgment be entered for defendant.

Counsel for defendant may prepare and submit to the court proposed findings of fact and conclusions of law, consistent with the views herein expressed.