WILLIAM J. GRANAN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2251–68. Filed February 16, 1971.

William J. Granan, pro se.
*Louis A. Boxleitner*, for the respondent.

SIMPSON, *Judge:* The respondent determined a deficiency of $789.37 in the petitioner's 1965 Federal income tax. The issue for decision is whether the petitioner may deduct as a medical expense in 1965 the amount he paid in that year to discharge a loan arranged in 1964 to pay for the medical care of his dependent sister.

FINDINGS OF FACT

Some of the facts were stipulated, and those facts are so found.

The petitioner, William J. Granan, maintained his legal residence in Albany, N.Y., at the time the petition was filed in this case. He filed his 1965 individual Federal income tax return, using the cash method of

accounting, with the district director of internal revenue, Albany, N.Y.

The petitioner's sister, Marlene Granan, was his dependent in 1964 and 1965. She was 16 and 17 years old in those years. In 1964, Marlene was a patient in the Albany Medical Center Hospital for an aggregate period of 76 days, and very substantial medical expenses were incurred. Prior to June 30, 1964, the petitioner had paid at least $5,000 toward such medical expenses in that year. At or about that time, the petitioner became unemployed, and could no longer meet the hospital expenses and other medical costs out of his current income. He had at least $4,700 in a savings account at the Albany Savings Bank, but for personal reasons, he thought it would be inadvisable to spend that money. However, the hospital insisted that it be paid about $4,000 more to cover additional expenses of Marlene's hospitalization.

The hospital offered to arrange a loan for the petitioner without the use of collateral. On June 30, 1964, the petitioner executed and delivered to the hospital a promissory note in the amount of $4,012.20, payable in 36 monthly installments. The hospital then transferred this note to the National Commercial Bank & Trust Co., and received a check from that bank in the amount of $4,012.20. Within a month after taking out that loan, the petitioner obtained new employment. This gave him a renewed confidence in his ability to pay off the loan. He decided that he would rather borrow money from the Albany Savings Bank, with which he had dealt in the past, and use his savings account as collateral, thus reducing the cost of the loan. As a consequence, on July 31, 1964, the petitioner and his mother borrowed money from the Albany Savings Bank and executed a note for $3,720.93. On August 10, 1964, the proceeds of this loan were used to pay off the promissory note payable to the hospital. The note to Albany Savings Bank was fully paid off on December 30, 1965.

For 1964, the petitioner's return showed gross income of $5,559.50. His return for that year showed deductions for medical expenses of $5,471.94 plus other itemized deductions, or a total of $6,025.94 of itemized deductions. Because the deductions exceeded his gross income, the petitioner's return showed no tax liability for 1964. However, the petitioner's medical expenses as he calculated them did not include the entire amount of $4,012.20 which he paid to the hospital in the summer of 1964; he did deduct as medical expenses $516.80 paid to the Albany Savings Bank during 1964 on the second loan.

For 1965, the petitioner's return showed gross income of $15,327.50. The medical expenses that he deducted for that year included an amount of $3,022.22, which represented payments made in 1965 on the Albany Savings Bank loan.

OPINION

The issue for decision is whether the petitioner may deduct, as a medical expense paid in 1965, the payments he made in 1965 on the Albany Savings Bank loan. The respondent does not dispute that the amount of $4,012.20 which the petitioner paid for the medical care of his sister in 1964 may be treated by him as the payment of a medical expense under section 213, I.R.C. 1954,[1] but he argues that such amount is deductible in 1964, if at all, when the petitioner's note was delivered to the hospital or when it was paid off. However, the petitioner claims that the Albany Savings Bank loan payments should be deductible when made because the proceeds of the loan were used to pay hospital expenses.

A taxpayer may deduct amounts actually paid during the taxable year for the medical care of himself, his spouse, and his dependents, to the extent that such amounts exceed 3 percent of his adjusted gross income. Sec. 213; sec. 1.213–1(a)(1), Income Tax Regs. It is the time of payment which determines the year of deduction. If a medical expense is incurred in one year but paid in a later year, it is deductible in the later year.

We know of no case dealing with the deductibility of payments on a loan obtained in a previous year to pay medical expenses. However, the general rule is that when a deductible payment is made with borrowed money, the deduction is not postponed until the years in which the borrowed money is repaid. *Irving Segall*, 30 T.C. 734, 739–740 (1958); *Hazel McAdams*, 15 T.C. 231, 235 (1950), affd. 198 F. 2d 54 (C.A. 5, 1952); *E. Gordon Perry*, 28 B.T.A. 497, 500 (1933); *Robert B. Keenan*, 20 B.T.A. 498, 499 (1930); *Edwin R. Crawford*, 11 B.T.A. 1299, 1302 (1928); *Patrick v. United States*, 186 F. Supp. 48, 52 (W.D. S.C. 1960), affd. 288 F. 2d 292 (C.A. 4, 1961), reversed on other grounds 372 U.S. 53 (1963). The rationale for the rule is that taxpayers should not be able to elect the year in which expenses can be deducted from income. *Robert B. Keenan, supra.*

The petitioner contends that because the payments made to the bank in 1965 were in repayment of a loan that was taken out to pay a note given to a hospital on account of medical expenses, the payments to the bank should be considered as tantamount to direct payments of medical expenses. However, to accept this contention, we would have to ignore the legal significance of the delivery of the note to the hospital in 1964 and its payment. To do so would be contrary to the general rule, and although we are sympathetic to the petitioner's situation, we cannot ignore the well-established legal principles.

---

[1] All statutory references are to the Internal Revenue Code of 1954.

The petitioner also argues that if he is not allowed to deduct the payments which he made in 1965 on the loan, he will lose his right to deduct a substantial part of the medical payments which he made on behalf of his sister and that such a result is inconsistent with the purposes of section 213. The petitioner assumed heavy medical expenses for his sister, and for that reason, we all admire his conduct; nevertheless, Congress has made no provision for the carryover of unused medical deductions, and in the absence of a legislative decision to provide for such carryover, we cannot allow it.

*Decision will be entered for the respondent.*

