## HUNTER v. UNITED STATES.
### Civ. No. 10780.

United States District Court
E. D. New York.
May 4, 1954.

Gerdes & Montgomery, New York City, by John Gerdes, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Brooklyn, N. Y., by Elliott Kahner, Asst. U. S. Atty., Brooklyn, for the United States.

INCH, District Judge.

In this action plaintiff seeks a refund of income taxes because of a disallowance by the Commissioner of Internal Revenue of attorneys' fees paid by plaintiff in connection with plaintiff's obligations under certain separation and alimony agreements.

The case has been submitted on an agreed statement of facts which may be summarized as follows:

Plaintiff married one Jessie Lines in 1911. In 1932 they separated and while living apart entered into written separation agreements, dated June 27, 1932 and December 7, 1932, under which plaintiff agreed to make certain payments to his said wife. Thereafter, in 1933, plaintiff commenced an action for divorce in Nevada, and a decree was entered therein granting the divorce and ratifying, approving and fully adopting the aforesaid agreements.

Plaintiff made the payments required to be made under the agreements to his former wife until her remarriage, eight years later, on July 3, 1941. Thereafter plaintiff refused to continue such payments contending that the Nevada decree and the said agreements did not require payments after the remarriage of his former wife.

The former wife brought suit in the New York Supreme Court to recover the sums alleged to be due her after her remarriage on July 3, 1941, and the Court decided in her favor after two rearguments. On appeal to the Appellate Division of the Supreme Court, Graham v. Hunter, 266 App.Div. 576, 42 N.Y.S.2d 717, she was again victorious by a three to two decision of the Justices. While this plaintiff's appeal from that decision was pending in the New York Court of Appeals plaintiff and his former wife settled their controversy by entering into a new agreement dated December 9, 1943. Under this new agreement plaintiff was required to and actually paid to his former wife $34,260.79 less than he was required to pay under the 1932 agreements for the years 1941 through 1949.

Plaintiff paid to his attorneys fees of $6,059.52 in 1944 and $6,000 in 1945 for their services in connection with the New York Supreme Court action and the negotiation and preparation of the new alimony agreement.

It is stipulated that the amount of these fees was reasonable.

As a result of the disallowance of the above attorneys' fees by the Commissioner of Internal Revenue, plaintiff paid

an additional 1944 tax of $3,156.43 and an additional 1945 tax of $3,850.34 which he now seeks to recover together with interest from March 15, 1945 and March 15, 1946 respectively.

It is plaintiff's contention that these attorneys' fees were properly deductible from his gross income under Sec. 23(a)(2) of the Internal Revenue Code because they were incurred "for the production * * * of income".

Section 23(a)(2) of the Internal Revenue Code, 26 U.S.C.A. § 23(a)(2), provides as follows:

"§ 23. Deductions from gross income. In computing net income there shall be allowed as deductions:

"(a) Expenses * * *

"(2) Non-trade or non-business expenses. In the case of an individual, all the ordinary and necessary expenses paid or incurred during the taxable year *for the production* or collection *of income,* or for the management, conservation, or maintenance of property held for the production of income." (Emphasis supplied.)

In his reply brief plaintiff states that he "does not claim that a husband is entitled under Section 23(a)(2) to deduct his legal expenses in contesting a divorce action, or even in determining in such action the amount of alimony to be paid. He does contend that, as in this case, where the husband and wife have entered into a definite agreement fixing the amount of alimony and controversy subsequently arises regarding the extent of the obligation of the husband under said contract, and where, as a result of such litigation, the husband's taxable income is increased by a compromise of the litigation, that the husband is entitled under Section 23(a) to deduct the legal expenses incident to the litigation which produced additional taxable income to him." However, in my view the efforts of plaintiff's attorneys did not "produce" income for plaintiff within the meaning of the section. It seems to

me that under the original separation agreements and the Nevada divorce decree plaintiff had a certain legal liability to his former wife and that plaintiff incurred these legal expenses merely to eliminate or reduce that liability and not to produce additional income.

In Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791 and Cobb v. Commissioner of Internal Revenue, 6 Cir., 173 F.2d 711, where taxpayers incurred legal expenses to secure a reduction in their liability for certain gift taxes, the Courts held that the attorneys' fees were not proximately related to the production of income. In Howard v. Commissioner of Internal Revenue, 9 Cir., 202 F.2d 28, a husband and wife entered into a separation agreement which was subsequently adopted into a Nevada divorce decree. In a subsequent suit by the wife to recover payments the husband defended on the grounds that the wife had remarried at common law and that the agreement had been procured by fraud. In holding that the expenses of defending the above suit were not deductible under the clause of Sec. 23(a)(2) relative to expenses paid for "the management, conservation, or maintenance of property held for the production of income", the Court said 202 F.2d at page 30:

"In Lykes v. United States, 343 U.S. 118, 72 S.Ct. 585, 96 L.Ed. 791, the Court said that legal expenses do not become deductible under § 23(a)(2) *merely because they are paid for services which relieve a taxpayer of liability.* The Section, said the Court, 343 U.S. at page 125, 72 S.Ct. at page 589, 'has been applied to expenses on the basis of their immediate purposes rather than upon the basis of the remote contributions they might make to the conservation of a taxpayer's income-producing assets by reducing his general liabilities.'

"The rationale of the Lykes case is determinative here. Indeed in Lykes there was some evidence of an immediate purpose of income

production in the making of the gifts which were the occasion of the litigation there, whereas in this instance *it does not appear that the petitioner's purpose in defending was other than to relieve himself of liability.*" (Emphasis supplied.)

Accordingly, the Government is entitled to judgment herein.