UNITED STATES *v.* PATRICK ET AL.

No. 22.  Argued March 28, 1962.—Restored to the calendar for reargument April 2, 1962.—Reargued December 6, 1962.—Decided February 18, 1963.

*Wayne G. Barnett* reargued the cause for the United States.  With him on the briefs were *Solicitor General Cox, Assistant Attorney General Oberdorfer, Richard J. Medalie, Melva M. Graney, Harold C. Wilkenfeld* and *Arthur I. Gould.*

*Robert M. Ward* reargued the cause and filed briefs for respondents.

MR. JUSTICE HARLAN delivered the opinion of the Court.

This case presents the question, similar to that decided today in No. 21, *United States* v. *Gilmore, ante,* p. 39, as to the deductibility of certain legal fees paid by the re-

spondent to his attorneys and attorneys representing his wife in connection with divorce proceedings instituted by the wife. In a suit for refund contesting the Commissioner's disallowance of such a deduction claimed in the taxpayer's 1956 federal income tax return, the United States District Court for the Western District of South Carolina held these expenses to be deductible under § 212 (2) of the Internal Revenue Code of 1954,[1] 186 F. Supp. 48, the Court of Appeals affirmed, 288 F. 2d 292, and we granted certiorari on the Government's petition, 368 U. S. 817.[2]

In 1955 respondent's wife[3] sued for divorce, alleging adultery on the part of her husband. Extended negotiations by the attorneys for both parties resulted in a property settlement agreement, and thereafter respondent filed his answer to the complaint neither admitting nor denying the allegations of adultery. Respondent did not testify at the trial. The South Carolina divorce court granted the wife an absolute divorce, approved the property settlement agreement, and in accordance therewith ordered respondent to pay the attorneys' fees for both parties.

At the time of these proceedings, respondent was president of the Herald Publishing Company in Rock Hill, South Carolina, and editor of the newspaper published by it. He owned 28% of the corporation's outstanding stock, his wife owned 28%, their oldest son, Hugh Patrick,

---

[1] Section 212 provides, in pertinent part: "In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year— . . . (2) for the management, conservation, or maintenance of property held for the production of income . . . ."

[2] This case was argued at the 1961 Term, and was restored to the calendar for reargument at this Term. 369 U. S. 835.

[3] Mr. Patrick will be referred to as the sole respondent. The administrator of the estate of his second wife is a party only because a joint return was filed. Respondent's former wife will be referred to as the "wife" notwithstanding the divorce.

owned 9%, and the remaining 35% was held in trusts for Hugh and the parties' two minor children. The real property on which the Herald Company was situated was owned by respondent and his wife, the former having an 80% undivided interest and the latter a 20% undivided interest. The couple also owned two houses. In addition, each independently owned diversified securities and other assets of substantial value.

The property settlement agreement recited that "by virtue of this agreement a final and lump settlement has been made of any and all rights whatsoever . . . concerning the matter of support, separate maintenance, alimony or any financial obligation of whatsoever sort due to [the wife] . . . on account of and growing out of the marital relationship of the parties . . . ." Besides provisions for the custody and support of the minor children and a provision giving one of the two houses to each of the parties, certain arrangements were made concerning the respective interests in the newspaper properties. Respondent delivered to his wife high-quality securities worth $112,000, the agreed value of her 28% of the publishing company stock, which she transferred to him subject to the condition that such stock should go to their three children in the event of his death or a sale of the entire business. A new long-term lease of the real property housing the newspaper was entered into with the corporation, and both parties then transferred their interests in this property to a trust, the income therefrom being payable to the wife for life and the remainder to pass in equal shares to the children. Finally, respondent agreed to pay all of his wife's attorneys' fees for services rendered in connection with the divorce and property settlement arrangements.

These fees, paid by respondent in 1956, amounted to $24,000—$12,000 to his attorneys and $12,000 to his wife's attorneys. The $24,000 total was allocated by agreement of counsel and the parties as follows: $4,000 for handling the divorce itself; $16,000 for rearranging the stock

interests in the publishing company; and $4,000 for leasing the real property and transferring it to a trust. Respondent claimed a deduction for the $16,000 item and for 80% of the $4,000 ($3,200) item relating to the business real estate.

Both courts below held that the entire $19,200 was deductible under § 212 (2) of the 1954 Code as an "ordinary and necessary [expense] paid or incurred . . . for the management, conservation, or maintenance of property held for the production of income." The Government's contention that this was a personal expense, nondeductible under § 262 of the Code,[4] was rejected. Relying on *Baer* v. *Commissioner,* 196 F. 2d 646, and cases following it (see No. 21, *ante,* pp. 49–51), the District Court and the Court of Appeals found that the fees were incurred not to resist a liability, but to arrange how it could be met without depriving the taxpayer of income-producing property, the loss of which would have destroyed his capacity to earn income. The property settlement provisions, so the lower courts held, were designed to satisfy respondent's marital obligations to his wife and protect the interests of the children, yet at the same time preserve respondent's control over the publishing company, to which he had devoted many years of effort.

The situation, in short, is comparable to that in *United States* v. *Gilmore, supra.* The principles held governing in that case are equally applicable here. It is evident that the claims asserted by the wife in the divorce action arose from respondent's marital relationship with her and were thus the product of respondent's personal or family life, not profit-seeking activity. As we have held in *Gilmore,* payments made for the purpose of discharging such claims are not deductible as "business" expenses.

---

[4] Section 262 provides: "Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses."

We find no significant distinction in the fact that the legal fees for which deduction is claimed were paid for arranging a transfer of stock interests, leasing real property, and creating a trust rather than for conducting litigation. These matters were incidental to litigation brought by respondent's wife, whose claims arising from respondent's personal and family life were the origin of the property arrangements. The property settlement agreement itself recited that it settled rights "growing out of the marital relationship," *supra,* p. 55, and both courts below found that, although nominally an agreement for the purchase of the wife's property, it served ultimately to protect respondent's income-producing property from an assertion of his wife's latent marital rights. It would be unsound to make deductibility turn on the nature of the measures taken to forestall a claim rather than the source of the claim itself.

As in the *Gilmore* case, we need not pass on the Government's alternative contention that part of the legal fees sought to be deducted here are not expenses at all, but rather are capital outlays. Since we hold that the payments were not deductible as "business" expenses, it makes no difference for present purposes whether they are personal expenses or capital expenditures; in either case they would not be deductible.[5]

We conclude that none of the legal fees paid by respondent is deductible, and the judgment of the Court of Appeals is accordingly

*Reversed.*

MR. JUSTICE BLACK and MR. JUSTICE DOUGLAS dissent.

---

[5] In view of our conclusion that the legal fees were not "business" expenses, we do not reach the Government's second alternative contention that at least the fees paid by respondent to his wife's attorneys were not deductible under prior decisions of this Court. See, *e. g., Magruder* v. *Supplee,* 316 U. S. 394; *Interstate Transit Lines* v. *Commissioner,* 319 U. S. 590.