Wesley W. Brattain v. Commissioner.
Brattain v. Commissioner
Docket No. 92484.
United States Tax Court
T.C. Memo 1964-135; 1964 Tax Ct. Memo LEXIS 199; 23 T.C.M. (CCH) 828; T.C.M. (RIA) 64135; May 15, 1964
Wesley W. Brattain, pro se, 1505 E. Oak, Phoenix, Ariz. Daniel Lee Stewart, for the respondent. MULRONEY Memorandum Opinion MULRONEY, Judge: Respondent determined a deficiency in petitioner's income tax for 1959 in the amount of $498.01. Respondent has conceded certain issues. The remaining issues are whether petitioner can deduct items of his divorce litigation expenses and certain living expenses incurred when living away from his home pursuant to a court order in the divorce action. Petitioner, who is a resident of Phoenix, Arizona, filed his 1959 income tax return with the district director of internal revenue at Phoenix. In this return petitioner claimed deductions: (1) in the amount of $468.50 for legal expenses paid to his attorney for securing a divorce from his wife, (2) in the amount of $150 for legal expenses paid to his wife's attorney in the divorce proceedings, (3) in the amount of $150.56 for motel expenses incurred while he was living away from home pursuant to *201 court order entered during the divorce proceedings, and (4) in the amount of $159.93 for witness' fees paid to a doctor pyschiatrist who testified as an expert witness for petitioner in the divorce proceedings. Respondent's disallowance of these deductions gives rise to the portion of the deficiency now in issue. For a time there was a conflict of views amongst various courts as to the deductibility of expenses attributable to the prosecution or defense of divorce actions where it could be argued they were incurred for the conservation of taxpayer's property held for the production of income. The conflict was set at rest by United States v. Gilmore, 372 U.S. 39, and United States v. Patrick, 372 U.S. 53, both decided February 18, 1963. These cases held the taxpayer's divorce litigation expenses were personal under section 24(a)(1) of the Internal Revenue Code of 1939, substantially identical with section 262 of the Internal Revenue Code of 1954 in that they stemmed from the marital relationship and did not arise from taxpayer's profit-seeking activities; that the expenditure for taxpayer's attorney in the divorce action ( United States v. Gilmore, supra) *202 was not deductible under section 23(a)(2), Internal Revenue Code of 1939, substantially the same as section 212, Internal Revenue Code of 1954; and that the taxpayer's expenditure for his wife's legal expense ( United States v. Patrick, supra), incurred in divorce proceedings was likewise not deductible under the same statute. Here there is not even any evidence that taxpayer held any income-producing property. At any rate, the cited cases fully support all four of respondent's adjustments. An added reason for the third adjustment, the lodging expense in a motel, is that this is a plain "living" expense under section 262, Internal Revenue Code of 1954. The only deduction for "lodging" expense is in section 162(a)(2), Internal Revenue Code of 1954, where the lodging is in connection with traveling expenses away from home in pursuit of a trade or business. To give effect to conceded adjustments, Decision will be entered under Rule 50.