HAROLD N. SHILLING, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Shilling v. Commissioner
Docket No. 4191-72.
United States Tax Court
T.C. Memo 1974-246; 1974 Tax Ct. Memo LEXIS 76; 33 T.C.M. (CCH) 1097; T.C.M. (RIA) 74246; September 19, 1974, Filed. *76 H deducted legal fees paid in defending a trust, in which he had an income interest, against claims by his wife. Held, such fees are not deductible under sec. 212(2), I.R.C. 1954. Allan J. Smietanka and Joseph G. Smietanka, for the petitioner. Paul G. Topolka, for the respondent. SIMPSON
*77 MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency of $4,364.60 in the petitioner's 1969 Federal income tax. The issue for decision is whether the petitioner may deduct certain legal fees paid in defending an interest in a trust against the claims made by his wife in an annulment proceeding. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Harold N. Shilling, Jr., resided at Bollingbrook, Illinois, at the time of filing his petition herein. His individual Federal income tax return for the year 1969 was timely filed with the Internal Revenue Service Center, Kansas City, Missouri. On May 15, 1969, Mr. Shilling filed a complaint with the Circuit Court of Cook County, Illinois (the court), wherein, in part, he sought to annul his marriage to Virginia Shilling. Pursuant to Mrs. Shilling's motion, on July 2, 1969, the court granted Mrs. Shilling child support and ordered Mr. Shilling to make the mortgage payments on their residence. Such order was to terminate on September 20, 1969, and the court set the matter down for a hearing on September 18, 1969. On July 9, 1969, Mrs. *78 Shilling filed her answer to Mr. Shilling's complaint. She also counterclaimed against Mr. Shilling for separate maintenance and filed a third-party complaint against the Estate of Mae E. Feltenstein, deceased, Harold Shilling, Sr., Executor (the estate), and the Continental Illinois National Bank & Trust Company (the bank) as trustee of the Harold Shilling, Sr. Irrevocable Trust (the trust). Since January 20, 1969, Mr. Shilling's only source of income was the trust. The trust was created from the sole funds of Harold Shilling, Sr., Mr. Shilling's father. The counterclaim and the third-party complaint were based on the marital relationship between Mr. and Mrs. Shilling. Mrs. Shilling's third-party complaint alleged that she and the children were entirely dependent upon Mr. Shilling for support. She requested the court to enjoin distributions from the trust and the estate to Mr. Shilling, since if he did receive such distributions, he would dissipate the funds before providing support for her and the children. She also asked that the estate and bank pay her alimony and child support. On July 22, 1969, the court ordered the bank to make the child support and mortgage payments *79 provided for in the July 2, 1969, order, and to make certain monthly payments to Mr. Shilling; the order was to terminate on September 20, 1969. The court also granted leave for Melvin Levinson to appear as Mr. Shilling's attorney to protect his interests in the estate and trust against the third-party complaint. Mr. Shilling employed Mr. Levinson to intervene in, defend, and appeal the third-party complaint On September 26, 1969, the court entered an order, effective September 18, 1969, and made certain findings of fact about the dispute between Mr. and Mrs. Shilling. The court found that: (9) An injunction against the * * * Trust is necessary to prevent the dissipation of funds by * * * [Mr. Shilling] so that a fund will be available from which to pay temporary child support for the benefit of the two minor children of the parties, and permanent child support, should it be awarded. The order provided that the child support and mortgage payments should continue and that the bank pay certain monthly sums to Mr. Shilling from the trust, with the excess of the trust's income to be accumulated until further order of the court. A decree of divorce, which incorporated a property *80 settlement, was entered October 20, 1970. The property settlement made no provision for Mrs. Shilling's personal support from, or interest in, the trust, but child support payments were to be made from Mr. Shilling's interest in the trust. The settlement was entered into because: the parties * * * consider it to their best interests to settle between themselves now and forever the questions of alimony and support of * * * [Mrs. Shilling], the custody, support and education of the children of the parties and any and all rights of property and otherwise growing out of the marital or any other relationship now or previously existing between them * * * Mr. Levinson was not directly involved in either the final divorce decree or the property settlement agreement. Five thousand five hundred forty-five dollars and twenty-nine cents was paid to Mr. Levinson for his services in defending against Mrs. Shilling's third-party complaint. Of such amount, Mr. Shilling paid $2,045.29 and the bank paid $3,500.00 to Mr. Levinson. On his return for 1969, Mr. Shilling deducted $6,450 as legal fees, including those paid to Mr. Levinson. In his notice of deficiency, the Commissioner determined *81 that such fees were incurred for personal reasons and disallowed the deduction. The petitioner has conceded certain other adjustments made by the Commissioner in his notice of deficiency. OPINION The deductibility of the legal fees paid to Mr. Levinson involves sections 262 and 212(2) of the Internal Revenue Code of 1954. [1]Section 262 provides: Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. On the other hand, section 212 provides in part: In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * * (2) for the management, conservation, or maintenance of property held for the production of income * * * The petitioner argued that he hired Mr. Levinson to protect his interests in a matter entirely separate from the marital dispute. He contended that Mrs. Shilling's third-party complaint involved only his income interest in the trust and was unrelated to her marital rights. As a result, *82 he concluded that fees paid to Mr. Levinson did not stem from personal purposes but had their sole source in his effort to protect his interest in income-producing property. On the contrary, the Commissioner maintained that the deductibility of the fees depends upon the origin of the claim by Mrs. Shilling and that clearly her claim arose out of the marital relationship and not by reason of any profit-seeking activity. In United States v. Gilmore, 372 U.S. 39 (1963), the Court adumbrated the basic test for deductibility in this area. The Court said at page 48 that: the characterization, as "business" or "personal," of the litigation costs of resisting a claim depends on whether or not the claim arises in connection with the taxpayer's profit-seeking activities. * * * [Emphasis in original.] Deductibility is not governed by the impact on the taxpayer. Anchor Coupling Co. v. United States, 427 F.2d 429 (C.A. 7, 1970), cert. denied 401 U.S. 908 (1971). In Gilmore, the husband deducted legal expenses incurred in protecting his stock holdings in three corporations from certain claims his wife made in a divorce proceeding. The Court held *83 that since the wife's claims could have arisen only as a result of the marital relationship, the legal expenses were incurred for personal reasons, and hence were not deductible under section 23(a) (2), I.R.C. 1939, the predecessor of section 212(2). In United States v. Patrick, 372 U.S. 53 (1963), a companion case, the Court applied the same principle to the legal fees incurred by the husband in arranging a property settlement with his wife in connection with a divorce action brought by her and held that such fees were not deductible because her claim grew out of the marital relationship. The present case involves a situation similar to those presented in Gilmore and Patrick. Mrs. Shilling brought her action against the trust as part of the proceedings instituted by Mr. Shilling's complaint wherein Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise indicated. ↩