WALTER W. RICHARD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richard v. Commissioner
Docket Nos. 9528-78, 4672-79.
United States Tax Court
T.C. Memo 1979-327; 1979 Tax Ct. Memo LEXIS 198; 38 T.C.M. (CCH) 1266; T.C.M. (RIA) 79327; August 21, 1979, Filed Robert Lee Henry, for the petitioner. David M. Kirsch, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: In these consolidated cases, respondent determined deficiencies in petitioner's Federal income tax for 1975 and 1976 in the respective amounts of $3,640.88 and $5,239. Due to concessions by petitioner, the only issue remaining for decision is whether petitioner is entitled to deduct legal expenses incurred in a Florida State court proceeding which concerned payment of alimony to petitioner's *199 former wife. FINDINGS OF FACT Petitioner was a legal resident of Fort Lauderdale, Florida, when he filed his petitions. Petitioner filed his individual Federal income tax returns for 1975 and 1976 with the Southeast Service Center, Chamblee, Georgia. Petitioner and his former wife, Lily, were divorced on November 8, 1972. The property settlement agreement incorporated in the divorce decree provided that petitioner pay alimony to Lily in the amount of $4,170 per month. Alimony payments were to terminate upon Lily's remarriage. Petitioner had been informed by friends that Lily had remarried. On or about April 19, 1974, petitioner read an item in the Fort Lauderdale News which referred to "Lilly [sic] and Paul Lobraico." Petitioner concluded that the woman mentioned was his former wife. At the request of a maid, petitioner visited the family residence on one occasion and saw clothing which did not belong to him in the master bedroom. He inferred that a person with whom he was acquainted was living with Lily. Lily did not remarry at any time before or during the years in issue. On May 1, 1974, petitioner ceased paying alimony to Lily. On May 13, 1974, petitioner was *200 served with a motion for an order of contempt filed by Lily in the Circuit Court for Broward County. The purpose of the motion was, in part, to compel compliance with the alimony terms of the property settlement agreement. In response, petitioner moved that the motion be denied and that alimony be terminated. Petitioner employed an attorney to represent him in the legal proceeding, in which he was denied relief both at the trial level and on appeal. On his 1975 and 1976 income tax returns, petitioner deducted legal fees in the respective amounts of $5,500 and $8,364. OPINION Respondent disallowed as personal expenses petitioner's deductions for legal fees incurred in an action to compel payment of alimony. According to petitioner, the legal fees are deductible because they were expended in an effort to "show his teenage daughters that their mother's conduct constituted a social injustice and an abomination insofar as such conduct related to clean, wholesome and proper family life." Citing the line of cases under United States v. Gilmore,372 U.S. 39 (1963), respondent maintains that legal expenses incurred in alimony contests are personal and, thus nondeductible, *201 expenditures under section 262. [1]/ We agree with respondent. In Gilmore, the taxpayer-husband argued that he incurred fees for legal representation in a divorce proceeding in order to protect income-producing propoerty from his wife's claims and was therefore entitled to deduct the fees under the predecessor of section 212(2). To determine whether the fees constituted a deductible business expense or a nondeductible personal expense under the forerunner to section 262, the Supreme Court focused on "the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer." United States v. Gilmore,supra at 49. Because the claims pressed by the wife in Gilmore originated from the marital relationship, the Court concluded that the legal expenses were nondeductible. The Gilmore holding has been applied to cases arising under the 1954 Code. United States v. Patrick,372 U.S. 53, 53-57 (1963). The *202 principle set forth in Gilmore has been extended to expenses incurred in litigation separate from but related to a divorce, Fleischman v. Commissioner,45 T.C. 439 (1966), and to expenses incurred in the very context of the instant case, defending a complaint with respect to the alimony provision of a property settlement agreement. [2]/ We hold, therefore, that respondent properly disallowed the deductions at issue. Acknowledging the applicability of Gilmore, petitioner seeks to distinguish that decision on the basis of what he terms the "social injustice" and "blatant violation of public policy" inherent in the lifestyle of his former wife. Even were we to hold that petitioner has carried his burden of proving that his motivation was vindication of public policy, petitioner could not prevail on this issue. A taxpayer is entitled only to deductions explicitly authorized by Congress. New Colonial Ice Co. v. Helvering,292 U.S. 435 (1934). Yet the Code contains no provision allowing the deductions petitioner seeks. Moreover, as the line of cases under *203 Gilmore indicatives, section 262 expressly disallows "personal, living, or family expenses." E.g., United States v. Gilmore,supra at 46. An example of such expenses mentioned in the regulations are "attorney's fees and other costs paid in connection with a divorce, separation, or decree for support." Section 1.262-1(b)(7), Income Tax Regs. The case law cited above has not distinguished such expenses from those incurred defending a complaint with respect to the alimony provision of a property settlement agreement. By its very nature, petitioner's argument that he incurred legal expenses in order to educate his children about clean, wholesome family life does not support his position, but rather reinforces a conclusion that the expenses at issue are nondeductible personal, living, and family expenses. To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax years in issue, unless otherwise noted.
2. /Sunderland v. Commissioner,T.C. Memo. 1977-116↩.