**Clifford F. FAVROT, Jr.**

v.

**UNITED STATES of America.**

**Civ. A. No. 80–4987.**

United States District Court,
E.D. Louisiana.

July 8, 1982.

Michael E. Guarisco and Paul D. Cordes, Jr., Waldman & Guarisco, A Professional Law Corp., New Orleans, La., for plaintiff.

Steven Gremminger, Attorney, Tax Div., U.S. Dept. of Justice, Washington, D.C., John Volz, U.S. Atty., New Orleans, La., for defendant.

WICKER, District Judge.

This matter came before the Court on a former date on cross motions for summary judgment. After considering the record, the briefs and arguments of counsel, and the law applicable to this case, motion of plaintiff, Clifford A. Favrot, Jr., for summary judgment is denied, and motion of defendant, United States of America, for summary judgment is granted.

All of the pertinent facts have been fully stipulated. Those necessary to an understanding of the case are as follows.

Plaintiff, Clifford F. Favrot, Jr., and Katherine Boulet Barnes were married on July 15, 1965. Prior to their marriage, on July 12, 1965, they executed a pre-nuptial agreement which provided that upon marriage the individuals would remain separate in property, formally renouncing the Louisiana Civil Code provisions for community property. The contract further provided that each party to the agreement specifically waived all rights he or she might have to make any claim to the property of the other during marriage or after its dissolution by death or otherwise.

The Favrots separated on January 25, 1972 and Mrs. Favrot received alimony *pendente lite.* On March 3, 1975, a judgment in the divorce proceeding was entered, under the terms of which plaintiff was ordered to pay permanent alimony. Thereafter, Favrot instituted legal proceedings against his former wife in state court to rescind that portion of the judgment awarding permanent alimony, to have the Court enforce the pre-nuptial agreement, and to collect all previously paid alimony.

As a result of this litigation, plaintiff incurred legal expenses in the amount of $13,859.00. Favrot timely filed a federal income tax return for the calendar year 1976, claiming the aforementioned legal expenses as a miscellaneous deduction. The commissioner disallowed these expenses and assessed a deficiency in the amount of $6,957.00 plus interest, which plaintiff paid on April 2, 1980.

Shortly thereafter, plaintiff instituted this refund suit pursuant to 28 U.S.C. § 1346(a)(1). It is undisputed that no part of the legal fees sought to be recovered are attributable to the obtaining of the divorce or to the division of any property.

The sole issue in this case is whether the legal fees incurred by plaintiff in his unsuccessful attempts to enforce the pre-nuptial agreement are deductible from ordinary income under Section 212(1) of the Internal Revenue Code of 1954 or whether under Section 262, they are nondeductible personal expenses.

26 U.S.C. § 212 provides that an individual may deduct all "ordinary and necessary expenses paid or incurred during the taxable year

(1) for the production or collection of income; . . ." while 26 U.S.C. § 262 provides: "Except as otherwise expressly provided in this Chapter, no deduction shall be allowed for personal, living or family expenses."

Favrot makes two arguments. *First,* that he had paid alimony pursuant to Court order; that in accordance with the Internal Revenue laws, payments were deducted by him from his gross income in computing his taxable income; that had he been successful in his litigation against his former wife, he would have been awarded a judgment for all amounts of alimony paid in the past; that under the Internal Revenue Code of 1954, he would be required to include the reimbursed alimony payments in his gross income; therefore, the legal expenses incurred by him were necessarily incurred for the collection of income.

*Secondly,* Favrot contends that enforcement by the state court of the pre-nuptial agreement would have resulted in the production of income since his liability to pay future alimony would have been terminated which in turn would have provided him with a higher adjusted gross and taxable income.

I find that petitioner is not entitled to any deductions under Section 212(1) because the legal expenses incurred were personal expenses barred by Section 262 of the Internal Revenue Code. *U.S. v. Gilmore,* 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963); *U.S. v. Patrick,* 372 U.S. 53, 83 S.Ct. 618, 9 L.Ed.2d 580 (1963); *Fleischman v. Commissioner,* 45 T.C. 439 (1966).

It was in the *Gilmore* decision that the Supreme Court first stated that in determining whether an expense was personal or business, the proper test to be followed was the "origin of the claim test:"

[T]he origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was 'business' or 'personal' and hence whether it is deductible or not under Section 23(a)(2) [Section 212 of the 1954 Code]." 372 U.S. at 49, 83 S.Ct. at 629.

The *Gilmore* court held that expenses incurred in resisting claims stemming from the marital relationship and not from any profit-seeking activity, were personal and therefore not deductible under Section 24(a)(1) (now Section 212(2) of the 1954 Code) stating:

"If the claim could not have existed but for the marriage relationship, the expenses of defending it is a personal expense and not deductible."

It is clear that the claims asserted by Favrot in seeking to recover past alimony paid and the termination of future alimony are claims which "could not have existed but for the marriage relationship."

Notwithstanding, Favrot contends that *Gilmore, supra* and *Patrick, supra* are inapplicable, relying on *Wild v. Commissioner,* 42 T.C. 706 (1974). Although the *Wild* court held that *Gilmore* and *Patrick* did not bar the deduction, under Section 212(1), of legal expenses incurred by the wife to obtain alimony payments to be included in her gross income, it based its decision primarily on Section 1.262–1(b)(7) of an Income Tax Regulation setting forth examples of personal, living, and family expenses. This regulation provided that although attorneys fees and other costs paid in connection with a divorce, separation or decree for support are not deductible by either the husband or wife, attorneys fees and expenses incurred in such suits and which are properly attributable to the production or collection of amounts includable in gross income "are deductible by the *wife* under Section 212." (Emphasis supplied).

Favrot points to no similar regulation permitting husbands a like deduction.

Additionally, in *Francis A. Sunderland,* 46 T.C. 516 (1971), the court found *Wild* inapplicable on the ground that a reduction of Sunderland's obligation to make alimony payments to his former wife did not produce any amounts which were includable in his gross income.

*Gilmore, supra,* clearly states that in following the "origin of the claim" test, one should not consider the potential consequences upon the fortunes of the taxpayer. Plaintiff asks that we do just what the *Gilmore* court says we should not. Had Favrot been successful in his state court litigation, his taxable income may have increased, but it would not affect his gross income. Expenses incurred to reduce liability can not be considered as producing income. *Francis A. Sunderland, supra; Hunter v. U.S.,* 123 F.Supp. 763 (E.D.N.Y. 1954).

Favrot also seeks to distinguish *Gilmore* and *Patrick* on the grounds that he seeks to deduct legal expenses under Section 212(1) while in those cases, the deductions were sought under Section 212(2) which permits deduction of expenses incurred for the management, conservation or maintenance of property held for the production of income. Section 262 is as much a limitation on Section 212(1) as it is on Section 212(2). Favrot's action to enforce the pre-nuptial agreement determined rights and obligations which "have their source in the marriage" and "grow out of the marital relationship." *Fleischman, supra.* It is immaterial that the expenses were incurred in a separate suit. *Francis A. Sunderland, supra.* The origin of petitioner's claims were personal and accordingly he may not deduct expenses connected therewith.