In re CHUGACH ALASKA CORPORA-
TION, Chugach Fisheries, Inc., Chu-
gach Forest Products, Inc., Chugach
Timber Corporation, Debtors.

Bankruptcy Nos. A91–00207–DMD,
A91–00209–DMD, A91–00210–
DMD, A91–00211–DMD.

United States Bankruptcy Court,
D. Alaska.

Sept. 17, 1992.

Peter W. Giannini, Robert Crowther, Gi-
annini & Associates, P.C., Anchorage, Alas-
ka, Michael D. Thomson, John D. Taurman,
Vinson & Elkins, Washington, D.C., for
Chugach Alaska Corp.

Thomas J. Sawyer, Trial Atty., Tax Div.,
Dept. of Justice, Washington, D.C.

MEMORANDUM REGARDING REMAIN-
ING PARTIAL SUMMARY JUDG-
MENT MOTIONS

DONALD MacDONALD IV, Bankruptcy
Judge.

Chugach Alaska Corporation ("Chu-
gach") has filed an objection to the claims
filed by the Internal Revenue Service
("IRS") in this case, and has moved for a
determination of its tax liability. The par-
ties have previously resolved, by stipula-
tion, a significant portion of the tax dis-
pute. By order dated May 4, 1992, this
court entered partial summary judgment
on the issues of carryback of net operating
losses ("NOLS") and "spring back" of ex-
cess assigned income. The parties subse-
quently briefed two remaining issues per-
taining to Chugach's 1987 tax year. Those
issues are:

1. Whether the imposition of alternative minimum tax ("AMT") and environmental tax on Chugach for the 1987 tax year denies Chugach the benefit or use of its tax losses and credits, in violation of the "special legislation" contained in § 1804(e)(5) of the Tax Reform Act of 1986, Pub.L. No. 99–514; and

2. Whether Chugach may deduct costs incurred in connection with Native child custody matters pursuant to the Indian Child Welfare Act (25 U.S.C. § 1901 *et seq.*) as ordinary and necessary expenses of its trade or business.

I find for the IRS on both issues.

*Imposition of AMT and Environmental Taxes*

Chugach contends it is not liable for AMT or environmental taxes in connection with its 1987 tax year because to apply these taxes to Chugach would deny it the benefit or use of its NOLS, in violation of the special legislation enacted in 1986, which provided in part:

> [N]o provision of the Internal Revenue Code of 1986 (including sections 269 and 482) or principle of law shall apply to deny the benefit or use of losses incurred or credits earned by a [Native] corporation....

Tax Reform Act of 1986, Pub.L. No. 99–514, § 1804(e)(5). The history of this special legislation is discussed in this court's memorandum dated May 4, 1992. As noted there, the special legislation was enacted at a time when Congress was tightening restrictions on the sale of corporate losses and tax credits through the use of consolidated returns. The special legislation was an exception to these new restrictions which permitted Native corporations to sell their NOLS and investment tax credits ("ITCS") to profitable corporations, for a limited time, through the use of consolidated returns.

Chugach sold its NOLS and ITCS to profitable corporations in 1986 and 1987, and filed consolidated returns for those tax years. As a result of the stipulated settlement between the parties as to the valuation of Chugach assets which formed the basis of the claimed losses, Chugach's revised 1987 losses were insufficient to offset all of the assigned income from the profitable corporations. This court has previously determined that Chugach may carryback its 1990 losses to its 1987 tax year to offset excess 1987 income, with any excess assigned income remaining after such offset returning to the profitable corporations.

When Chugach filed its initial return for 1987, it included liability for AMT and environmental taxes. Chugach subsequently filed an amended return deleting this liability, claiming the special legislation exempted it from these taxes. Although Chugach admits Native corporations are not exempt from those taxes for all purposes, Chugach contends the AMT and environmental tax rules are "provisions of the Internal Revenue Code" which cannot be applied against it under the special legislation. Chugach advances two theories.

First, Chugach contends imposition of these taxes denies it the *benefit* of its NOLS, because the taxes result directly from Chugach's sale of the NOLS to profitable corporations, and the IRS is limiting the benefit conferred by the special legislation by imposing AMT and environmental taxes. In other words, if Chugach had not entered into the tax transactions with the profitable corporations, Chugach would have had substantial losses for the tax year, and no AMT or environmental tax would have been due.

Second, Chugach contends imposition of these taxes denies it the *use* of its NOLS, in contravention of the special legislation, because in the computation of alternative minimum taxable income, on which the AMT is based, a taxpayer may only offset 90% of his current year taxable income against NOLS. 26 U.S.C. § 56(d). Chugach contends it should be permitted to retain sufficient excess assigned income from the profitable corporations so that it may use 100% of its NOLS in computation of the AMT or, alternatively, that it should be permitted to use 100% of its NOLS in computing AMT in spite of the 90% limitation contained in § 56(d).

Chugach's position on the AMT controversy constitutes a classic "out of context"

reading of the 1986 Act. As recently noted in *King v. St. Vincent's Hosp.*, —— U.S. ——, ——, 112 S.Ct. 570, 574, 116 L.Ed.2d 578 (1991):

> In so concluding we do nothing more, of course, than follow the cardinal rule that a statute is to be read as a whole, see *Massachusetts v. Morash*, 490 U.S. 107, 115, 109 S.Ct. 1668, 1673, 104 L.Ed.2d 98 (1989), since the meaning of statutory language, plain or not, depends on context. See, *e.g.*, *Shell Oil Co. v. Iowa Dept. of Revenue*, 488 U.S. 19, 26, 109 S.Ct. 278, 282, 102 L.Ed.2d 186 (1988). "Words are not pebbles in alien juxtaposition; they have only a communal existence; and not only does the meaning of each interpenetrate the other, but all in their aggregate take their purport from the setting in which they are used...." *NLRB v. Federbush Co.*, 121 F.2d 954, 957 (CA2 1941) (L. Hand, J.) (quoted in *Shell Oil, supra,* 488 U.S. at 25, n. 6, 109 S.Ct. at 281, n. 6).

Chugach ignores the fact that the expansive language of the 1986 Act was only to be applied to use of NOLS through consolidated returns. Chugach is certainly entitled to the full use or benefit of such losses in conjunction with consolidated returns. Chugach has received the full benefit of the losses by offsetting 100% of assigned income for the full amount of the losses. Once it has received the benefit or use of the losses, however, it is not immune from AMT or environmental taxes.

■ Chugach recognizes that well established doctrines of statutory construction require provisions of a statute be construed in a manner that harmonizes all of its provisions. *Weinberger v. Hynson, Westcott & Dunning, Inc.*, 412 U.S. 609, 631–32, 93 S.Ct. 2469, 2484, 37 L.Ed.2d 207 (1973); *Pyramid Lake Paiute Tribe v. U.S. Dept. of Navy*, 898 F.2d 1410, 1416–17, n. 15 (9th Cir.1990); *Adams v. Howerton*, 673 F.2d 1036, 1040 (9th Cir.1982), *cert. denied*, 458 U.S. 1111, 102 S.Ct. 3494, 73 L.Ed.2d 1373 (1982). Chugach seeks to ignore that rule in this instance.

■ As noted in this court's prior memorandum of May 4, 1992, Congress tightened the reins on the sale of NOLS and ITCS for use of consolidated tax returns in 1984. Deficit Reduction Act of 1984, Pub.L. No. 98–369. 26 U.S.C. § 1501 allows an "affiliated group" of corporations the privilege of filing consolidated returns. Congress limited the definition of "affiliated group" in the 1984 Act. It provided in part:

SEC. 60. AFFILIATED GROUP DEFINED.

(a) IN GENERAL.—Subsection (a) of section 1504 (defining affiliated group) is amended to read as follows:

"(a) AFFILIATED GROUP DEFINED.—For purposes of this subtitle—

"(1) IN GENERAL.—The term 'affiliated group' means—

"(A) 1 or more chains of includible corporations connected through stock ownership with a common parent corporation which is an includible corporation, but only if—

"(B)(i) the common parent owns directly stock meeting the requirements of paragraph (2) in at least 1 of the other includible corporations, and

"(ii) stock meeting the requirements of paragraph (2) in each of the includible corporations (except the common parent) is owned directly by 1 or more of the other includible corporations.

"(2) 80–PERCENT VOTING AND VALUE TEST.—The ownership of stock of any corporation meets the requirements of this paragraph if it—

"(A) possesses at least 80 percent of the total voting power of the stock of such corporation, and

"(B) has a value equal to at least 80 percent of the total value of the stock of such corporation.

"(3) 5 YEARS MUST ELAPSE BEFORE RECONSOLIDATION.—

"(A) IN GENERAL. –If–

"(i) a corporation is included (or required to be included) in a consolidated return filed by an affiliated group for a taxable year which includes any period after December 31, 1984, and

"(ii) such corporation ceases to be a member of such group in a taxable

year beginning after December 31, 1984,

with respect to periods after such cessation, such corporation (and any successor of such corporation) may not be included in any consolidated return filed by the affiliated group (or by another affiliated group with the same common parent or a successor of such common parent) before the 61st month beginning after its first taxable year in which it ceased to be a member of such affiliated group."

By limiting the definition, corporations ability to file consolidated tax returns were necessarily diminished. In the face of Congressional action to limit the use of consolidated returns, Chugach won a reprieve from the stringent consolidated return requirements. Congress provided in part:

(5) NATIVE CORPORATIONS.—The amendments made by subsection (a) shall not apply to any Native Corporation established under the Alaska Native Claims Settlement Act (43 U.S.C. § 1601 *et seq.*) during any taxable year beginning before 1992 or any part thereof in which such Corporation is subject to the provisions of Section 7(h)(1) of such Act (43 U.S.C. § 1606(h)(1).

Deficit Reduction Act of 1984, Pub.L. No. 98–369, § 60(b)(5). Later in 1986, this exemption in regard to consolidated returns was expanded to include the "no provision shall apply to deny the benefit or use of losses incurred" language Chugach relies upon. This new language clarified Chugach's original exemption from the "affiliated group" definition dealing with consolidated returns. It did not in any way grant Chugach an exemption from AMT. Chugach attempts to bootstrap itself from an exempt position on the filing of consolidated returns and full use of losses to total exemption from AMT and other taxes. Only by taking the language of the 1986 Act totally out of context can such an unusual construction occur. This result is simply not in harmony with the language or the plain meaning of the statute.

Moreover, the special legislation was enacted as part of the Tax Reform Act of 1986, Pub.L. No. 99–514, which also significantly revised the alternative minimum tax provisions in the Internal Revenue Code [Pub.L. No. 99–514, Title VII, § 701(a)]. Chugach claims that the alternative minimum tax net operating loss deduction, as defined in 26 U.S.C. § 56(d), is inapplicable to it on account of the special legislation. Yet, § 56(a)(4) of the Code makes the alternative tax net operating loss deduction defined in § 56(d) applicable to *all* taxpayers. Further, as noted by Chugach (Debtor's Brief Regarding Remaining Issues for Determination of Debtor's Federal Income Tax Liability, Docket No. 1883, p. 7), Congress enacted special AMT provisions applicable to Native corporations as part of this legislation. *See* 26 U.S.C. § 56(f)(2)(G), which provisions were stricken in 1990 by Pub.L. No. 101–508, § 11801(a)(3). These special AMT provisions pertained to cost recovery and depletion attributable to property whose basis is determined under § 21(c) of ANCSA and to deductions for § 7(i) and § 7(j) payments made pursuant to ANCSA. Why would Congress adopt such provisions if Native corporations were exempt from AMT?

Congress clearly could have excluded Native corporations from the alternative minimum tax altogether. It chose not to do so. Imposition of the AMT on Chugach is consistent with both the special legislation and the AMT provisions of the Internal Revenue Code, and does not deny Chugach the benefit or use of its NOLS. Indeed, Chugach has received tens of millions of dollars through the sale of such NOLS. Just as the IRS cannot selectively apply § 172 to Chugach to preclude carryback of NOLS, Chugach cannot claim exemption from certain Code provisions in order to obtain the best tax advantage for itself. The special legislation has exempted neither Chugach nor the IRS from consistent application of the Internal Revenue Code.

I find that imposition of AMT on Chugach does not deny Chugach the benefit or use of its tax losses and credits, or violate the "special legislation" contained in § 1804(e)(5) of the Tax Reform Act of 1986, Pub.L. No. 99–514. By the same analysis,

Chugach is also liable for environmental tax pursuant to 26 U.S.C. § 59A.

*Deductibility of Child Custody Legal Fees as Business Expense*

■ Chugach contends it may deduct as a business expense legal fees and costs it incurred in connection with its participation in a child custody proceeding involving two Native minor children. In that proceeding the State of Alaska favored transferring the two children to a relative in the southeastern United States, rather than leaving them with their mother in Alaska. Chugach became involved at the request of Mount Marathon Native Association and intervened in the custody proceeding pursuant to the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 *et seq.* The purpose of the ICWA is stated in § 1902:

> The Congress hereby declares that it is the policy of this Nation to protect the best interests of Indian children and to promote the stability and security of Indian tribes and families by the establishment of minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture, and by providing for assistance to Indian tribes in the operation of child and family service programs.

Section 1911 of the ICWA grants an Indian child's tribe a right to intervene in state court custody proceedings affecting that child. Section 1915 indicates a preference for placing Indian children within their own tribe or other Indian tribes unless there is good cause to do otherwise.

Chugach says its primary purpose for becoming involved in the custody proceeding was "to compel the State of Alaska to recognize the applicability of ICWA and the importance of Native interests in decisions regarding custody of Native children from the Chugach region." (Debtor's Brief Regarding Remaining Issues for Determination of Debtor's Federal Income Tax Liability, Docket No. 1883, p. 17). Chugach contends it may deduct the legal fees and expenses incurred in the custody proceedings as an ordinary and necessary expense of its trade or business under 26 U.S.C. § 162.

■ 26 U.S.C. § 162(a) provides in part: "[O]rdinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business ..." are deductible. "[A]n income tax deduction is a matter of legislative grace and that the burden of clearly showing the right to the claim deduction is on the taxpayer." *Interstate Transit Lines v. Commissioner,* 319 U.S. 590, 593, 63 S.Ct. 1279, 1281, 87 L.Ed. 1607 (1943); *Deputy v. du Pont,* 308 U.S. 488, 493, 60 S.Ct. 363, 366, 84 L.Ed. 416 (1940); *New Colonial Ice Co., Inc. v. Helvering,* 292 U.S. 435, 440, 54 S.Ct. 788, 790, 78 L.Ed. 1348 (1934). Deductions are strictly construed and allowed only "as there is a clear provision therefore." *New Colonial Ice Co., Inc. v. Helvering,* 292 U.S. at 440, 54 S.Ct. at 790; *Deputy v. du Pont,* 308 U.S. at 493, 60 S.Ct. at 366. The tests for deductibility under § 162 are set forth in *C.I.R. v. Lincoln Savings and Loan Association,* 403 U.S. 345, 352, 91 S.Ct. 1893, 1898, 29 L.Ed.2d 519 (1971).

> To qualify as an allowable deduction under § 162(a) ... an item must (1) be "paid or incurred during the taxable year," (2) be for "carrying on any trade or business," (3) be an "expense", (4) be a "necessary" expense, and (5) be an "ordinary" expense.

Chugach fails these tests. While the fees were paid or incurred in the preceding taxable years and carried over to 1987, they had nothing to do with any Chugach trade or business. In the past Chugach has managed land and participated in mineral, timber and commercial fishing ventures. There is simply no nexus between Chugach's business ventures and the fees relating to a custody dispute. While the fees were certainly an expense, they were neither necessary nor ordinary. To be necessary, the fees must be needed for some business activity. Payment of the fees

were unneeded for any Chugach business purpose. The business of Chugach can certainly be conducted without intervening in custody disputes. Moreover, payment of the fees was anything but ordinary. Businesses do not ordinarily intervene in custody proceedings between private litigants. Chugach has failed to demonstrate that its expenses commonly or frequently occurred. Its position is similar to those taken by parties in *United States v. Gilmore*, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570 (1963) and *United States v. Patrick*, 372 U.S. 53, 83 S.Ct. 618, 9 L.Ed.2d 580 (1963). There husbands attempted to deduct attorney's fees for their personal divorce proceedings under a statutory predecessor of 26 U.S.C. § 162. In each instance, the Supreme Court found that the attorney's fees were not deductible as business expenses.

Similarly here, Chugach may not deduct the child custody fees as a business expense. While the motives of the corporation are certainly benign, the fees cannot be characterized as reasonable and necessary business expenses. Moreover, the proceedings did not originate in any action against Chugach. Chugach had a right but no duty to intervene. The character of the proceedings are distinctly non-business. Therefore, Chugach's deduction of attorney's fees must be disallowed.

*Conclusion*

Chugach must pay AMT and environmental taxes. Chugach cannot deduct attorney's fees for child custody proceedings. An order consistent with this memorandum will be entered.