JUSTIN R. MELAT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Melat v. Commissioner
Docket No. 3083-92
United States Tax Court
T.C. Memo 1993-247; 1993 Tax Ct. Memo LEXIS 242; 65 T.C.M. (CCH) 2868; June 1, 1993, Filed *242 Justin R. Melat, pro se. For respondent: James E. Gehres. PATE
PATE
MEMORANDUM OPINION PATE, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1] It was submitted for our decision fully stipulated. Respondent determined a deficiency in petitioner's 1989 Federal income taxes of $ 7,294. After concessions by both parties, the issue remaining for our decision is whether petitioner may deduct legal and accounting fees paid to determine the value of petitioner's interest in a law practice necessitated by a division of marital property in connection with his divorce. Petitioner resided in Colorado Springs, Colorado, at the time he filed his petition. Justin R. Melat (hereinafter petitioner) is a lawyer engaged in the practice of law as a partner in Melat and Pressman. On February *243 3, 1989, he was divorced from his wife, Leana C. Melat. To refute his wife's demands in connection with the division of their marital property, petitioner's attorney presented to the District Court, El Paso County, Colorado (hereinafter the District Court), extensive evidence with regard to the value of petitioner's partnership interest in Melat and Pressman. Specifically, the District Court had to decide the value of petitioner's share of contingent fees from pending cases and the amount of any partnership goodwill. On his 1989 individual tax return, petitioner claimed that he incurred deductible legal and accounting fees totaling $ 28,025 (representing approximately 75 percent of the total fees paid). After reducing this amount by 2 percent of his adjusted gross income, petitioner deducted, as a miscellaneous itemized deduction, $ 21,606. Petitioner contends that these legal and accounting fees are deductible because they constitute an ordinary and necessary expense incurred for the conservation of property held for the production of income. Respondent maintains that petitioner is not entitled to any deduction because the fees were paid in connection with a divorce and division *244 of marital property and, therefore, constitute personal expenses. As a general rule, under section 262, professional fees paid in connection with obtaining a divorce and division of marital property are not deductible by either the husband or the wife because they are considered personal expenses. Karelas v. Commissioner, T.C. Memo. 1988-562; sec. 1.262-1(b)(7), Income Tax Regs. However, section 212(2) does allow a deduction for ordinary and necessary expenses paid during the taxable year "for the management, conservation, or maintenance of property held for the production of income". Consequently, when professional fees are incurred to protect income producing assets from claims against them, a question arises as to whether such fees are deductible under section 212(2). See Fleischman v. Commissioner, 45 T.C. 439, 443 (1966). In United States v. Gilmore, 372 U.S. 39 (1963), and United States v. Patrick, 372 U.S. 53 (1963), the Supreme Court decided that the deductibility of such professional fees depends upon the origin and nature of the claim against *245 the taxpayer rather than the consequences to the financial condition of the taxpayer for failure to defeat the claim. Consequently, whether professional fees are characterized as business or personal depends upon whether the claim arises in connection with the taxpayer's profit-seeking activities or his personal activities. United States v. Gilmore, supra.
Here, the claim that caused petitioner to incur the legal and accounting fees originated with and was caused by his wife's demands regarding the division of their marital property. Such fees were not incurred to maximize the income of the law partnership, but rather to settle a personal (marital) matter. Therefore, under United States v. Gilmore, supra, and United States v. Patrick, supra, the professional fees paid by petitioner are personal and not deductible. Nevertheless, petitioner argues that these fees are deductible because they were incurred to conserve "the future stream of income" from his law practice. In this argument, petitioner is focusing on the consequences to his assets that might follow if his wife should *246 prevail in her demands rather than the origin of the claim itself. There is no question that the origin of the claim was the dissolution of petitioner's marriage and that action is a personal one. That the result may have reduced petitioner's income producing assets does not change the fact that these fees were incurred in an action that was personal in origin. Consequently, we hold that petitioner's legal and accounting fees are not deductible. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩