T.C. Memo. 1996-22

UNITED STATES TAX COURT

ABHIMANYU SWAIN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16556-94.          Filed January 23, 1996.

Abhimanyu Swain, pro se.

Helen F. Rogers, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]  Respondent determined deficiencies in

_____

[1]  Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect for the taxable years in issue.  All Rule references
are to the Tax Court Rules of Practice and Procedure.

petitioner's 1989 and 1990 Federal income taxes in the amounts of $2,092 and $2,190, respectively, and penalties pursuant to section 6662(a) in the amounts of $399 and $438, respectively. After concessions,[2] the issues for decision are (1) Whether petitioner is entitled to home office deductions in the amounts claimed on his returns or in lesser amounts as determined by respondent; (2) whether petitioner is entitled to deduct legal fees; and (3) whether the accuracy-related penalties as determined by respondent should be sustained.

At the time of filing the petition herein, petitioner resided in Damascus, Maryland.

FINDINGS OF FACT

During 1989 and 1990, petitioner was a research hydraulic engineer for the U.S. Army Corps of Engineers. In the spring of 1989, petitioner taught a course for the U.S. Army Corps of Engineers at Mississippi State University. Petitioner reported $44,368 and $42,256 as total wages on his 1989 and 1990 Federal income tax returns, respectively. On Schedule A of his 1989 return, petitioner claimed deductions for "Office Space" in the amount of $5,200, and "Legal Expense" in the amount of $3,600. On Schedule A of his 1990 return, petitioner claimed deductions

---

[2] At trial, petitioner conceded the following adjustments: (1) Petitioner failed to report $909 and $1,188 in State income tax refunds on his 1989 and 1990 returns, respectively; (2) petitioner failed to report interest income in the amount of $43 and $101 on his 1989 and 1990 returns, respectively; (3) petitioner is not entitled to deduct personal sales tax in the amounts of $4,349 and $4,095 on his 1989 and 1990 returns, respectively.

for "Office space" in the amount of $5,800 and "Legal fee" in the amount of $4,200.[3]

Petitioner asserts that a friend prepared his 1989 and 1990 returns. The record does not indicate the name or occupation of the preparer. The return preparer signature line on each of the 1989 and 1990 returns is blank. Petitioner could not explain the basis for many of the deductions claimed on the returns. As previously indicated, petitioner conceded some of the claimed deductions at trial.

Petitioner asserts that the deductions claimed for the home office and legal fees are correct as reflected on his 1989 and 1990 returns. Petitioner arrived at the amounts of his home office deductions by approximating the cost of renting comparable office space for the year. Respondent allowed petitioner deductions of one-sixth of the costs associated with his home. (Petitioner's home consists of six rooms, one of which was used as an office.) The room petitioner utilized as an office measures 10 feet by 10 feet, or 100 square feet, in a home that is approximately 1,800 square feet. In this room petitioner reviewed the homework of his students and prepared for class.

Petitioner asserts that he incurred legal expenses relating to an action brought by his former wife in 1987 to gain custody

---

[3] At trial, petitioner indicated that the total amount of legal fees claimed on his 1989 and 1990 returns was incorrect. Petitioner indicated that he should have claimed $10,000 in legal fees on each of his 1989 and 1990 returns.

of their child and to take possession of the house, and with respect to a criminal action against petitioner which was ultimately dismissed. A letter dated July 8, 1988, reflects that petitioner paid a total of $4,312.10 in legal fees to LaBarre & LaBarre, a law firm, and owed an additional $2,187.90. The letter reflects the following services were rendered:

```
SERVICES - State v. Swain (First Trial)        $2,500
               Per Agreement
SERVICES - State v. Swain (Second Trial)       $2,500
SERVICES - Chancery Contempt Proceedings       $1,500
                                               $6,500
```

Petitioner wrote at the bottom of this letter "Paid in 1989", and "$7,500 to Vance in 1989". A canceled check dated March 20, 1989, in the amount of $750 reflects that the check was in payment of a "Chancery Contempt Case".

OPINION

At the outset, we note that respondent's determinations are presumed correct, and petitioner bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). In addition, deductions are a matter of legislative grace, and petitioner bears the burden of proving that he is entitled to the claimed deductions. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

1. The Home Office Deduction

Section 280A(c) permits the deduction of expenses allocable to a portion of the dwelling unit that is used exclusively and on

a regular basis as "the principal place of business for any trade or business of the taxpayer". Sec 280A(c)(1)(A). Additionally, items such as interest and taxes are deductible without regard to section 280A(a). Sec. 280A(b).

As indicated, petitioner claimed $5,200 and $5,800 as home office deductions for 1989 and 1990, respectively. Respondent does not question petitioner's entitlement to a home office deduction, but rather determined that the amount claimed is excessive. Petitioner did not allocate his expenses based upon the number of rooms in his house or by actual floor space. Apparently, petitioner estimated his home office deductions on the basis of how much it would cost if he rented a room of comparable size. This is not a proper method to compute deductions attributable to a home office. The allocation method utilized by petitioner is based upon his personal estimate of comparable rental space. Such a method is based purely upon conjecture, and, in any event, is not supported by any evidence in the record. Accordingly, respondent's determination is sustained.[4]

## 2. Deductibility of Legal Fees

The thrust of petitioner's argument is that the legal expenses were incurred to protect his interest in his property

---

[4] Based upon petitioner's testimony and estimates of the total square footage of his home in comparison to the square footage of the home office, it appears that respondent's allowance of one-sixth of the total square footage was generous.

and hence his "home office".  Petitioner argues that the amounts paid in 1988 are deductible on his 1989 and 1990 returns because the case continued into 1989.[5]  Respondent argues that the expenses relate to a claim which is personal in nature and, therefore, are not deductible.

Section 212 provides, in pertinent part, that expenses for the production of income (i.e., legal expenses) are deductible as ordinary and necessary business expenses, if the expenses are--

paid or incurred during the taxable year--

(1) for the production or collection of income;

(2) for the management, conservation, or maintenance of property held for the production of income; or

(3) in connection with the determination, collection, or refund of any tax.

Section 262(a) provides that, in general, no deduction shall be allowed for personal, living, or family expenses. "[A]ttorney's fees and other costs paid in connection with a divorce, separation, or decree for support, are not deductible by either the husband or the wife."  Sec. 1.262-1(b)(7), Income Tax Regs.  Expenses incurred in connection with a divorce property settlement are not deductible because such expenses are derived

---

[5]  We note that petitioner's proposition that expenses incurred by a cash basis taxpayer in 1 year are deductible in the next is erroneous.  Taxpayers on a cash basis ordinarily may claim deductions only in the year such expenses are actually paid.  Sec. 1.461-1(a)(1), Income Tax Regs.

from the marital relationship rather than the spouse's activities in holding such income-producing property.  In <u>United States v. Gilmore</u>, 372 U.S. 39, 49 (1963), the Supreme Court indicated that--

> the origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and hence whether it is deductible or not under * * * [the predecessor to section 212]. * * *

See also <u>United States v. Patrick</u>, 372 U.S. 53, 56 (1963).

Even if the legal fees were incurred to protect the ownership of petitioner's home, and, consequently, the home office, petitioner has failed to show that the fees are deductible as expenses of a profit-seeking activity.  In <u>United States v. Gilmore</u>, <u>supra</u> at 48, the Supreme Court stated--

> If two taxpayers are each sued for an automobile accident while driving for pleasure, deductibility of their litigation costs would turn on the mere circumstance of the character of the assets each happened to possess, that is, whether the judgments against them stood to be satisfied out of income- or nonincome-producing property.  We should be slow to attribute to Congress a purpose producing such unequal treatment among taxpayers, resting on no rational foundation.

Petitioner has not demonstrated that the legal expenses incurred in the criminal action are related to his trade or business or to any other income-producing activity conducted by him. <u>Commissioner v. Tellier</u>, 383 U.S. 687, 689 (1966).  Therefore,

the legal expenses attributable to the criminal action are not deductible.  United States v. Gilmore, supra at 49.

Accordingly, we hold that the payments made by petitioner are not deductible as business or profit-seeking expenses.

3.  The Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the portion of the underpayment to which section 6662 applies.  Section 6662 applies to that portion of the underpayment attributable to negligence or disregard of rules or regulations.  Sec. 6662(b)(1).  The term "negligence" includes any failure to make a reasonable attempt to comply with the Internal Revenue Code, and the term "disregard" includes any careless, reckless or intentional disregard.  Sec. 6662(c). Negligence is defined as a lack of due care or the failure to do what a reasonably prudent person would do under the circumstances.  Neely v. Commissioner, 85 T.C. 934, 947 (1985).

We find that petitioner was negligent for both years. Petitioner conceded at trial that he was not entitled to some of the deductions he claimed on his income tax returns.  Petitioner argued that he supplied all of his income tax information to a "friend" who used this information to prepare petitioner's 1989 and 1990 returns.  In addition, petitioner argued that some of the deductions claimed were not derived from the information provided to his friend.

At the time petitioner signed the returns, petitioner should have reviewed the returns for their accuracy.  A cursory review would have revealed that the returns contained claimed deductions to which petitioner is not entitled.  We are satisfied that the underpayment of tax was due to negligence.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.